<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

---

|                                   |   |                         |
|-----------------------------------|---|-------------------------|
| MOHAMMED ALAZZAM,                 | : |                         |
|                                   | : | Civ. No. 16-3276(RMB)   |
|                    Petitioner,    | : |                         |
|                                   | : |                         |
|                    v.             | : | **OPINION**             |
|                                   | : |                         |
| WARDEN J. HOLLINGSWORTH,          | : |                         |
|                                   | : |                         |
|                    Respondent.    | : |                         |
|                                   | : |                         |

---

This matter is before the Court upon Petitioner's Petition for Habeas Corpus Review pursuant to 28 U.S.C. § 2241 (ECF No. 1); Respondent's Answer (ECF No. 7); and Petitioner's Motion to Join a Necessary Party (ECF No. 3.) For the reasons discussed below, the Court will deny Petitioner's motion to add a necessary party; and grant in part and deny in part the habeas petition.

I.   BACKGROUND

On May 27, 2009, Petitioner was arrested by the Yonkers, New York Police Department for evading tobacco taxes. (Declaration of Deborah Colston ("Colston Decl.") ECF No. 7-2; Attach. 1, ECF No. 7-3 at 1-2.) He was released on bail the next day. (<u>Id.</u>) On May 18, 2011, while on bail from the state, Petitioner was arrested by federal authorities, and released on

bond on May 23, 2011. (Colston Decl., Attach. 2 at Section II, ECF No. 7-3 at 4-5.) Petitioner fled the United States. On January 17, 2013, the State of New York sentenced him *in absentia* to a 1 to 3-year term of confinement. (Colston Decl., Attach. 3, ECF No. 7-3 at 7-8.)

Petitioner returned to the United States on September 12, 2013. He turned himself in to federal authorities, who rearrested him and placed him in federal custody until he was sentenced, on March 25, 2015, on federal charges of conspiracy to distribute contraband cigarettes and bail jumping. (Colston Decl., Attach. 4, ECF No. 7-3 at 9-15.) On June 24, 2015, the federal sentencing court amended the sentence to run concurrently with the previously imposed New York state sentence. (Colston Decl., Attach. 5, ECF No. 7-3 at 16-22.)

Petitioner's federal sentence was calculated to commence on March 25, 2015, the date of sentencing, because he was in primary federal custody on that date. (Colston Decl., ECF No. 7-2, ¶9; Attach. 7, ECF No. 7-3 at 25-29.) Petitioner was in federal custody, and the federal Bureau of Prisons ("BOP") designated a federal institution for service of the sentence. (Id.)

The New York Department of Corrections and Community Supervision lodged a detainer with the BOP on October 28, 2015. (Colston Decl., Attach. 6, ECF No. 7-3 at 23-24.) According to

the detainer, New York views the state sentence as running consecutive to the federal sentence. (Id.) The BOP agrees that the federal sentencing judge in the Southern District of New York recommended that Petitioner's federal sentence run concurrently with the previously imposed state sentence, imposed *in absentia*.

## II. ADMINISTRATIVE REMEDIES

Petitioner attached his administrative remedy requests to his habeas petition as Exhibit F. On the BP-8 Form, at the first level of the administrative remedy program,[1] Petitioner asserted that he was "overdesignated" and it had been four weeks since he requested clarification on whether there was an outstanding warrant. (ECF No. 1-3 at 21.) Petitioner's correctional counselor responded to the BP-8, stating a detainer had been lodged by the State, and the time would run consecutively. (Id.)

Petitioner appealed to the next level of the administrative remedy program. Specifically, he stated "I hereby appeal the determination that my state sentence is to run consecutive to my federal sentence and the records office placement of a detainer." (Id. at 22.) Petitioner argued that the federal sentencing judge, in an amended judgment, expressed the intent for the federal sentence to run concurrently with the state

---

[1] See 28 C.F.R. §§ 542.10-19 (defining administrative remedy program).

sentence. (Id.) Thus, Petitioner requested that the detainer be lifted. (Id.)

Warden Hollingsworth responded that the BOP had contacted the New York State Department of Corrections and the detainer would remain lodged as a consecutive sentence. (Id. at 23.) Petitioner should address any concerns to the New York State Department of Corrections. (Id.)

Petitioner appealed to the Regional Director. (Id. at 24.) Based on the intent of the federal sentencing judge, and citing BOP Program Statement 5160.05, Section 7(b), (c)[2] and Section

---

[2] PS 5160.05(7)(b), (c) provides:

> b. Federal judges have the authority to order a federal term of imprisonment to run consecutively to or concurrently with any other sentence. When there is a previously imposed sentence (federal or non-federal) in existence at the time of federal sentencing, and the federal judge does not state whether multiple terms of imprisonment are to run consecutively to or concurrently with one another, the sentences run consecutively (see 18 U.S.C. § 3584). (This applies only to federal offenses committed on or after November 1, 1987.)
>
> c. When a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed, the Bureau implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence. United States v. Hardesty, 958 F.2d 910 (9th Cir. 1992).

9(a), (b),[3] Petitioner stated:

> AS PER THIS PROGRAM STATEMENT, my "CONCURRENT" federal sentence must be executed immediately by SURRENDERING ME, AND RETURNING ME to State of New York authorities, IMMEDIATELY, TO BEGIN SERVING

---

[3] PS 5160.05(9)(a), (b) provide:

> 9. CONCURRENT SERVICE OF FEDERAL AND STATE SENTENCES
>
> a. Concurrent service of federal and non-federal sentences in a non-federal institution occurs when the Bureau designates a non-federal institution for service of the federal sentence. Ordinarily, the reason for selecting the non-federal institution is that primary custody resided with the non-federal jurisdiction and the federal sentencing court intended its sentence be served concurrently with the non-federal sentence.
>
> b. When an inmate is sentenced in both federal and state jurisdictions, care must be taken to ensure that he or she is suitable for federal designation. Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent. Ordinarily, this intent is made known in one of the following ways:
>
>> (1) Court Order . . .
>>
>> (2) Court Recommendation of Non-Federal Confinement . . .
>>
>> (3) Concurrent Service of Sentence after Imposition . . .
>>
>> (4) Inmate Request . . .
>>
>> (5) State Request . . .

5

MY "CONCURRENT" FEDERAL SENTENCE WITH THE
STATE OF NEW YORK SENTENCE. I ask that State
of New York authorities be contacted, and
notified so that they can come to Fort Dix,
pick me up, and take me to begin to serve my
"CONCURRENT" federal sentence alongside the
State of New York sentence. ("SEE EXHIBIT D,
Program Statement 5160.05")

(Pet., ECF No. 1 at 25.)

Regional Director J.L. Norwood responded that the Warden
had adequately addressed Petitioner's concerns by contacting the
New York Department of Corrections about the detainer. (Id. at
26.) Norwood added that the BOP does not have authority to
remove the state detainer nor to modify or compute Petitioner's
state sentence. (Id.) Furthermore, Petitioner's federal sentence
was commenced on the earliest date possible under 18 U.S.C. §
3585(b). (Id.)

Petitioner appealed to the Central Office. (Id. at 27.) He
framed his appeal as follows: "[t]his administrative remedy is
being filed in order to seek my transfer to the custody of the
State of New York in accordance with Program Statement 5160.05
(9)(b)(2) . . ." (Id.) Petitioner explained:

According to New York State Law, the only
way that I can serve my Federal sentence
concurrently with my State sentence is after
I am delivered to the custody of the State
of New York (See: Exhibit 2). Therefore, in
accordance with 18 U.S.C. §3584 and in
conjunction with Program Statement 5160.05
(9)(b)(2) (See: Exhibit 9), which states
that I should be serving my Federal sentence
in State custody, I respectfully request

6

> that I be reclassified and redesignated and
> transferred to the custody of the New York
> State Department of Corrections, so that I
> can serve both my Federal and State
> sentences concurrently.

(Id. at 27-28.) The Central Office extended its time to respond to Petitioner's appeal until April 16, 2016. (Id. at 30.) Petitioner never received a response; therefore, he initiated this action on June 7, 2016. (Pet., ECF No. 1 at 4.) See 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.")

III. DISCUSSION

Petitioner asserts the BOP abused its discretion by failing to designate a state facility for service of his federal sentence. (Pet., ECF No. 1 at 1.) The BOP has the authority to designate "any penal or correctional institution" for imprisonment pursuant to 18 U.S.C. § 3621(b). (Id. at 4.) One factor the BOP must consider in its designation is the intent of the federal sentencing judge; here, that the federal and state sentences run concurrently. (Id. at 6.) For relief, Petitioner seeks transfer to the custody of the New York Department of Corrections ("DOC") (Id. at 6.) He also requests that this Court transfer this action to his federal sentencing court in the Southern District of New York. (Id. at 2.)

7

Petitioner further contends the federal government did not have primary jurisdiction over him at the time of federal sentencing. (Pet., ECF No. 1 at 10.) Although Petitioner admits both the state and federal government relinquished custody over him when he was released on bail and bond, he argues the State of New York maintained primary jurisdiction because it arrested him first. (Id.) Additionally, Petitioner was sentenced by the State of New York prior to his federal sentencing, (Id. at 11.) Therefore, Petitioner claims the State of New York should have commenced his undischarged sentence and "loaned" him to the federal government for prosecution under a writ of habeas corpus *ad prosequendum*. (Id.)

Petitioner asserts that he has been in the exclusive custody of the BOP since September 13, 2013, and the State of New York has made clear it will not grant credit for time served outside the New York DOC toward his state sentence. (Id. at 11.) Therefore, Petitioner seeks transfer to a New York State facility. (Id. at 12.)

A.   Primary Jurisdiction

Respondent argues the federal government had primary jurisdiction at the time of federal sentencing because the State relinquished jurisdiction when it released Petitioner on bail. (Answer, ECF No. 7 at 6-8.) Furthermore, New York State's *in absentia* sentencing did not establish primary jurisdiction over

8

Petitioner. (Id. at 9.)

Respondent is correct. Under the doctrine of primary jurisdiction, the sovereign that first arrests an individual has primary custody over him, but that sovereign relinquishes custody by releasing the defendant on bail. Taccetta v. Federal Bureau of Prisons, 606 F. App'x 661, 663 (3d Cir. 2015)(citing United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005)). When a sovereign arrests an individual who was on bail, and then retains custody over the individual, that sovereign retains primary custody. Id.

Here, the federal authorities arrested Petitioner on September 13, 2013, while he was on bail from his previous state and federal arrests. Federal authorities then retained custody over Petitioner through his federal sentencing. The BOP correctly determined that federal authorities had primary jurisdiction over Petitioner when his federal sentence was imposed. The state court's act of sentencing Petitioner in absentia before his federal arrest on September 13, 2013, did not establish primary jurisdiction of the State. See generally U.S. v. Cole, 416 F.3d 894, 897 (8th Cir. 2005)(citing United States v. Vann, 207 F.Supp. 108, 111 (E.D.N.Y. 1962)("The controlling factor in determining the power to proceed as between two contesting sovereigns is the actual physical custody of the accused."))

B.   Designation of State Facility under 18 U.S.C. § 3621(b)

The BOP has discretionary authority to designate a federal prisoner's place of incarceration under 18 U.S.C. § 3621(b). U.S. v. Allen, 124 F. App'x 719, 720-21 (3d Cir. 2005). The exclusive remedy for a federal prisoner to challenge "the BOP's calculation of a federal sentence is a habeas corpus filed pursuant to 28 U.S.C. § 2241, directed to the district court in the United States District where the petitioner is incarcerated, and naming the warden of the federal facility as a respondent." Id. at 721 (citing Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

Respondent suggests that it is the New York Department of Corrections ("DOC") that has the power to begin running Petitioner's undischarged state sentence. (Answer, ECF No. 7 at 11.) Therefore, Respondent contends Petitioner's relief, if available, lies with the New York DOC.

While it may be true that the New York Department of Corrections has the power to begin running Petitioner's state sentence, the BOP has the authority to designate Petitioner to a state facility for service of his federal sentence. Therefore, Petitioner has properly challenged the BOP's discretionary designation in this § 2241 petition, properly named his present custodian, the warden of FCI Fort Dix as the respondent, and

10

properly filed in the District of New Jersey, where he is presently incarcerated. Therefore, the Court will deny Petitioner's motion to add the New York DOC as necessary party and decline to transfer this action to the Southern District of New York, where Petitioner was sentenced. This does not preclude Petitioner from seeking any other form of relief that might be available from the New York DOC, in the proper forum.

In McCauley v. Williamson, the district court in the Middle District of Pennsylvania addressed the same issues presented here. Civ. Action No. 1:08-CV-0528, 2008 WL 2779298 (M.D. Pa. July 14, 2008). The petitioner sought to be transferred to the custody of the State of New York Department of Corrections for the remainder of his federal sentence in order to effectuate the federal sentencing judge's intent for Petitioner's federal and state sentences to run concurrently. Id. at *1 (citing Shumate v. United States, No. 304262, 2006 WL 83506, at *4 (M.D. Pa. Jan. 12, 2006)("[c]oncurrent service of federal and non-federal sentences in a non-federal institution occurs when the [BOP] designates a non-federal institution for service of a federal sentence")(quoting BOP PS 5160.05(9)(b)).

Like here, in the BOP's response to the § 2241 petition in McCauley, the BOP argued it properly commenced the federal sentence on the date it was imposed, and it was the New York Department of Corrections that was responsible for when the

11

state sentence commenced. Id. at *2. In McCauley, the district court aptly noted that this appeared to be why the petitioner requested the BOP to designate a state facility for service of his sentence, so the state would commence running the state sentence to make the two sentences concurrent.

The question before this Court is whether the BOP abused its discretion by failing to honor Petitioner's request to designate Petitioner to a state facility for service of his sentence, pursuant to 18 U.S.C. § 3621(b). In designating the facility for imprisonment, the BOP is required to consider each of the factors listed in 18 U.S.C. § 3621(b). Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 245 (3d Cir. 2005). "[I]ndividual determinations are required by § 3621(b)." Id. at 247. BOP Program Statement 5160.05[4] provides, in pertinent part, "[n]ormally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent." Id. at ¶9(b).

"The Bureau's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors." BOP Program Statement 5160.05(8). "18 U.S.C. § 3621(b)[] lists five factors that the BOP must consider in making placement and transfer determinations." Woodall, 432

---

[4] Available at
https://www.bop.gov/PublicInfo/execute/policysearch?todo=query

F.3d at 237 (3d Cir. 2005). The five factors are:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(20 of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. . .

18 U.S.C. § 3621(b).

In Petitioner's administrative remedy appeal to the Regional Director, he requested designation to a State of New York facility for service of his sentence to effect the intent of the federal sentencing judge that the federal and state sentences run concurrently. (Pet., ECF No. 1-3 at 25.) In the

13

Regional Director's response, he made no reference at all to having made an individual determination of the five factors he must consider in designating or transferring Petitioner to a state correctional facility. (Id. at 26.) Therefore, Petitioner is entitled to habeas relief of requiring the Regional Director to make an individual determination, considering the five factors under 18 U.S.C. § 3621(b), whether to designate and transfer Petitioner to a state facility for service of his sentence. See McCauley, 2008 WL 2779298, at *1 (ordering BOP to exercise discretion in determining whether to designate a New York state facility for service of the remainder of Petitioner's federal sentence).

IV.   CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will grant in part and deny in part Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2241. The Court will deny Petitioner's motion to add a necessary party, and deny Petitioner's request for transfer of this action to the United States District Court, Southern District of New York.

Dated: October 31, 2016

s/ RENÉE MARIE BUMB

14

**RENÉE MARIE BUMB**
**United States District Judge**